IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY A. MCQUISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1226 |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| Defendant. | ) |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                    October 13, 2005

Before the court are the parties' cross motions for summary judgment. This is a claim for disability benefits under ERISA, 29 U.S.C. §1132(a)(1)(B). Plaintiff appeals defendant's denial of long term disability benefits, arguing that defendant acted in an "arbitrary and capricious" manner and abused its discretion by denying plaintiff's claim. Defendant claims to have acted within its discretionary authority to determine eligibility for benefits and to construe the terms of the long term disability plan at issue.

Both parties have filed motions for summary judgment under Fed.R.Civ.P. 56(c), arguing that there are no issues of material fact. Plaintiff claims that defendant, as both fiduciary and administrator of the long term disability plan, abused its discretion in denying plaintiff's claim for extended disability benefits. To the contrary, defendant argues that it is entitled

to summary judgement because its interpretation of the long term disability plan and the terms therein was reasonable.

For the following reasons, defendant's motion for summary judgment will be GRANTED and plaintiff's motion for summary judgment will be DENIED.

I.    BACKGROUND

Unless otherwise indicated, the following material facts are undisputed.

Plaintiff is a former employee of Praxair, Inc.  As a result of his employment, he was a participant in Praxair's long-term disability plan (the "Plan").  Defendant Met Life served as the claims administrator for the Plan.

Plaintiff began his employment with Praxair in 1991 as a tool and die maker.  He stopped working on June 14, 1998 due to a diagnosis of major depressive disorder.  On December 16, 1998, defendant approved plaintiff's application for benefits. According to the Plan, benefits for disability due to mental illness are limited to 24 months unless the participant is confined to a legally certified hospital or continues to be a participant in an "approved managed mental health care program." On October 10, 2000, defendant notified plaintiff that because he was not a participant in a managed mental health care program, his benefits would expire on December 15, 2000.  In an effort to

2

keep his benefits from expiring, on December 4, 2000, plaintiff submitted a psychiatric evaluation and five appointment slips from his treating psychiatrist as proof that he was being treated through Allegheny East Mental Health/Mental Retardation. On January 2, 2001, defendant notified plaintiff that the documents plaintiff supplied failed to demonstrate that he was a participant in an approved managed mental health care program. Plaintiff then brought this ERISA action to challenge the Administrator's decision under 29 U.S.C. §1132(a)(1)(B), which allows an ERISA plan participant to bring a civil action to recover benefits under the terms of the Plan.

## II.   STANDARD OF REVIEW

### A.   The Summary Judgment Standard

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Further, because the instant case is a review of an administrative decision, it is appropriate for summary disposition. Couzens v. Equitable Life Assurance

3

Society of the United States, No. Civ. A. 98-527, 1998 WL 695425
(E.D. Pa. Oct. 2, 2005).

The mere existence of some factual dispute between the
parties will not defeat an otherwise properly supported motion
for summary judgment. Anderson, 477 U.S. at 247-48. A dispute
over those facts that might affect the outcome of the suit under
the governing substantive law, i.e., the material facts, however,
will preclude the entry of summary judgment. Id. at 248.
Similarly, summary judgment is improper so long as the dispute
over the material facts is genuine. In determining whether the
dispute is genuine, the court's function is not to weigh the
evidence or to determine the truth of the matter, but only to
determine whether the evidence of record is such that a
reasonable jury could return a verdict for the nonmoving party.
Id.

B.    The Arbitrary and Capricious Standard Under ERISA

When, as here, a plan administrator has the discretionary
power to construe the terms of a plan or to determine who
is eligible for benefits, the court will review the
administrator's decision according to an "arbitrary and
capricious" standard. See Stoetzner v. United States Steel
Corp., 897 F.2d 115, 119 (3d Cir. 1990). Under the arbitrary and
capricious standard, the court will overturn an administrator's
decision only if it is "'without reason, unsupported by

4

substantial evidence or erroneous as a matter of law.'" <u>Abnathya v. Hoffmann-La Roche, Inc.</u>, 2 F.3d 40, 45 (3d Cir. 1993) (citations omitted).  The court's review is narrow; "'the court is not free to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits.'" <u>Id</u>. (citation omitted).  Therefore, the court will not disturb an administrator's interpretation "if reasonable."  <u>See</u> <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 111 (1989).  The court will accept that an administrator acted reasonably if the administrator "examine[s] the relevant data and articulate[s] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'"  <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983) (citation omitted).

Plaintiff argues that per the Court of Appeals' decision in <u>Pinto v. Reliance Standard Ins. Co.</u>, 214 F.3d 377 (3d Cir. 2000), we must apply a heightened form of the arbitrary and capricious standard of review when an insurance company both funds and administers the benefits at issue because the company is generally acting under a conflict of interest.  While we acknowledge that in <u>Pinto</u>, the Court of Appeals adopted a "sliding scale approach," in which district courts must "consider the nature and degree of apparent conflicts with a view to shaping their arbitrary and capricious review of benefits

determinations of discretionary decisionmaker," we find the approach inapplicable here. See Pinto, 214 F.3d at 393. The appropriate standard of review in this case is the arbitrary and capricious standard because no conflict of interest exists. That is, defendant was not financially responsible for the payment of claims when plaintiff's request for extended benefits was denied. Even assuming arguendo that a conflict exists so as to warrant the application of a heightened form of the arbitrary and capricious standard, we still hold that defendant's denial of long term benefits was reasonable.

## III.   DISCUSSION

Congress passed ERISA in order "to promote the interests of employees and their beneficiaries in employee benefit plans." Dewitt v. Penn-Del Directory Co., 106 F.3d 514, 520 (3d Cir. 1997). The statue is focused on the administration of benefit plans, as opposed to the precise design of the plans themselves. Id.

The Court of Appeals has made clear that, "the award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." Id. A court must uphold an administrator's interpretation of a plan, even if it disagrees with it, so long as the administrator's interpretation is rationally related to a valid plan purpose and is not contrary to

6

the plain language of the plan."  Id.  Thus, in determining whether the plan administrator's decision to deny plaintiff's long term disability benefits was arbitrary and capricious, we look to the Plan itself.  The law requires an ERISA plan administrator to "discharge his duties with respect to a plan ... in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."  29 U.S.C. § 1104(a)(1)(D).

There are two relevant provisions of the Plan at issue here.  First, under the section entitled, "Duration of Benefits," the Plan states:

> Generally, benefits payable for total disabilities resulting from mental and nervous disorders ... are limited to no more than 24 months unless:
>
> - you are confined in a legally certified hospital approved for the treatment of such conditions; or,
> - you continue to be a participant in an approved managed mental health care program.

Second, the Plan affords defendant discretionary authority as follows:

> In carrying out their responsibilities under the Plan, the Plan Administrator and other Plan fiduciaries shall have full discretionary authority to interpret the terms of the Plan and to determine eligibility for entitlement to Plan benefits in accordance with the terms of the Plan. An interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless

> it can be shown that the interpretation or
> determination was arbitrary or capricious.

Taken together, the Plan affords defendant full discretion in determining "whether plaintiff was a participant in an approved managed mental health care program." We find that a reasonable jury could not conclude that defendant abused its discretion when it denied plaintiff's request for continued long term disability. In a letter dated February 7, 2003, defendant made clear to the plaintiff its interpretation of the term "approved mental health care program":

> It is Met Life's interpretation that an
> "Approved Mental Health Care Program" is a
> structured treatment plan of order,
> consisting of an intake evaluation with the
> setting of clearly identifiable goals/
> treatment protocols and an anticipated
> discharge date (e.g. intensive outpatient
> program, transitional living program).
> Generally these programs follow an inpatient
> confinement related to the same condition
> while providing a continuation of the
> intensive treatment required by the
> patient's condition.

Defendant reasonably concluded that plaintiff's evidence did not demonstrate clearly identifiable goals, treatment protocols or an anticipated discharge date. Defendant acted reasonably and within its discretionary authority in making its determination to deny plaintiff disability benefits in excess of 24 months.

As such, defendant's decision that plaintiff was not enrolled in an appropriate, approved plan was well within its discretion, and defendant's conduct does not rise to the level of

8

being arbitrary or capricious as a matter of law.   That is, defendant's denial of benefits was not, "without reason, unsupported by substantial evidence or erroneous as a matter of law."   See Abnathya, 2 F.3d at 45.

Because plaintiff has not demonstrated that a genuine dispute of material fact exists as to whether defendant's denial was arbitrary and capricious, defendant is entitled to summary judgment.

## IV.   CONCLUSION

Defendant's motion for summary judgment will be granted. The appropriate order follows.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KERRY A. MCQUISTIAN,              )
                                  )
            Plaintiff,            )
                                  )
    v.                            ) Civil Action No. 04-1226
                                  )
METROPOLITAN LIFE INSURANCE       )
COMPANY,                          )
                                  )
            Defendant.            )

ORDER

Accordingly, this $\underline{13^{th}}$ day of October, 2005, upon
consideration of the parties' cross motions for summary judgment,
IT IS HEREBY ORDERED that defendant's  motion [document #13] is
GRANTED.  Plaintiff's motion for summary judgment [document #11]
is DENIED.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record

10